IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MARY KAY LUNT, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 05-CV-3094 |
| ADMINISTRATIVE OFFICE OF THE ILLINOIS COURTS, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion for Sanctions [13] filed June 28, 2006. Based upon the above listed motion and the history of the litigation, the Court set a telephonic conference for August 8, 2006 at 2:30 p.m. to discuss the status of the litigation. On August 8, 2006, the Defendant appeared telephonically through counsel, Melinda K. Walter. The *pro se* Plaintiff, Mary Kay Lunt, failed to answer her telephone and did not participate. Later on August 8, 2006, the *pro se* Plaintiff called the Court's chambers and a conference call was held with Plaintiff and Defendant's counsel, Melinda K. Walter. Plaintiff advised that she had not moved her case forward because she did not have sufficient time to commit to her case. The Court advised Ms. Lunt a Report and

Recommendation was being prepared that would recommend the dismissal of her case. Based upon the history of the litigation and the *pro se* Plaintiff's August 8th statement, the Court recommends that Defendant's Motion for Sanctions [13] be allowed and that this matter be dismissed with prejudice for want of prosecution.

## History of Litigation

Originally in this matter Plaintiff was represented by Attorney Mary Lee Leahy. On August 11, 2005, Attorney Leahy moved to withdraw [7] which was allowed on August 12, 2005 by the undersigned. The Court gave *pro se* Plaintiff Mary Kay Lunt numerous extensions in an attempt to locate replacement counsel. All of those efforts must have failed. On October 20, 2005, a telephonic conference was held with the Plaintiff and defense attorney Melinda Walter. Plaintiff advised she had not yet hired replacement counsel. The Court therefore advised it considered Ms. Lunt *pro se* at this time and set various deadlines to move the litigation forward. On April 7, 2006, Defendant filed a Motion to Compel Discovery [11]. The Court, through a text order, directed the *pro se* Plaintiff to file a written response on or before April 21, 2006. A timely response was not filed by the *pro se* Plaintiff. Therefore, on April 25, 2006, the Court allowed

Defendant's Motion to Compel Discovery [11] and directed the *pro se* Plaintiff to provide appropriate answers and responses to Defendant's outstanding discovery by May 15, 2006. On June 28, 2006, Defendant filed the instant Motion for Sanctions due to the *pro se* Plaintiff's failure to provide any responsive discovery.

## Analysis

The Federal Rules of Civil Procedure authorize, under certain circumstances, a district court to dismiss a party or a claim from a suit as a sanction for a party's conduct. The United States Court of Appeals for the Seventh Circuit has noted that the dismissal of a party's suit is a "draconian" sanction. Marrocco v. General Motors Corp., 966 F.2d 220, 223-24 (7th Cir. 1992). Nevertheless, the Seventh Circuit has also held that a district court need not impose lesser sanctions before resorting to dismissal. Halas v. Consumer Servs., Inc., 16 F.3d 161, 165 (7th Cir. 1994).

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Id. The United States Court of Appeals for the

Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior.  The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir. 1987)(internal quotations omitted).

Furthermore, Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, that "if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just . . . ."  Thus, sanctions are appropriate under Rule 37(b)(2) when a party fails to comply with discovery orders and when the district court finds "willfulness, bad faith or fault" to justify the sanction. Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996).  The "fault" required to sustain dismissal under Rule 37 does not refer to the "non-complying party's subjective motivation" but to the lack of reasonableness "which eventually culminated in the violation." Langley by Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997)(quotations and citations omitted).

In short, the Seventh Circuit has opined:

> Because of its severity, we have circumscribed the range of cases in which dismissal may be used as a sanction. Looking at the case law, we find two different standards for determining whether a case can properly be dismissed. Some of our cases have held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998); Schilling v. Walworth County Park & Planning Com'n, 805 F.2d 272, 278 (7th Cir. 1986). This appears to be the standard used when cases are dismissed for want of prosecution or failure to comply with orders of the court, Fed. R. Civ. P. 41(b). A slightly different requirement–a finding of willfulness, bad faith or fault–comes into play when dismissals are used specifically as a discovery sanction under Fed. R. Civ. P. 37. In re Golant, 239 F.3d 931, 936 (7th Cir. 2001); Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997); cf. In re Rimsat, Ltd., 212 F.3d 1039, 1046-47 (7th Cir. 2000)(requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court). That is, even without "a clear record of delay, contumacious conduct or prior failed sanctions," a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate. See Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000); Schilling, 805 F.2d at 278 ("When a clear record of delay, contumacious conduct, or prior failed sanctions does not exist, the exercise of judicial discretion requires that the district court consider and explain the inappropriateness of lesser sanctions."); Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1478-79 (D.C. Cir. 1995)(requiring that courts provide a "specific, reasoned explanation for rejecting lesser sanctions" and collecting cases requiring same).

Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003)(footnote omitted).

In the instant case, the Court believes that, based upon *pro se* Plaintiff's conduct herein, a dismissal of her case is an appropriate sanction under both Rule 37's and Rule 41's standards. See Id. at 468 (explaining that "[f]or Rule 41(b) dismissals, the record of delay, contumacious conduct or prior failed sanctions must be 'clear'" and "that, considering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."). Plaintiff is well aware of her discovery obligations– specifically, her obligation to timely, accurately, and truthfully respond to Defendant's interrogatories and requests to produce which it propounded upon her. However, Plaintiff has failed to respond to Defendant's interrogatories and its production requests. Thereafter, upon a motion to compel filed by Defendant, the Court ordered Plaintiff to respond to all outstanding discovery by April 21, 2006. However, Plaintiff ignored this order. Plaintiff's statement on August 8, 2006 that she does not have the time to commit to the case says it all.

Based upon these facts, the Court recommends that the District Court sanction *pro se* Plaintiff by dismissing the above captioned case. The Court believes that Plaintiff has established a clear record of delay which would justify a dismissal pursuant to Rule 41(b). Likewise, the Court

believes that dismissal is appropriate under Rule 37(b) because Plaintiff has willfully declined to follow the orders of this Court. Although Plaintiff is proceeding *pro se* in this cause, and although *pro se* litigants are given wide latitude, *pro se* litigants do not enjoy "unbridled license to disregard clearly communicated court orders," nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines. Downs, 78 F.3d at 1257. On the contrary, the United States Supreme Court has held: "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). Accordingly, the Court recommends dismissal with prejudice of the above-captioned case.

## Conclusion

For all of the above reasons, the Court RECOMMENDS that Defendant's Motion for Sanctions [13] be ALLOWED and that the matter be dismissed with prejudice due to the *pro se* Plaintiff's clear indication that she is not prosecuting her cause of action.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).

Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTERED  August 10, 2006

                          s/ Byron G. Cudmore
                          _____
                          BYRON G. CUDMORE
                          UNITED STATES MAGISTRATE JUDGE